IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS -
HOUSTON DIVISION

| | |
|---|---|
| SANDRA RUIZ, | |
| Plaintiff, | CIVIL ACTION NO. _____ |
| V. | |
| THE UNIVERSITY OF TEXAS MD ANDERSON CANCER CENTER, | JURY TRIAL DEMANDED |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Sandra Ruiz, Plaintiff herein, complains of The University of Texas MD Anderson Cancer Center, Defendant, and for cause of action against it, would show the Court as follows:

### 1. INTRODUCTION

1.1. Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

1.2. This action seeks equitable relief, compensatory damages, actual damages, back wages, front wages, mental pain and anguish in the past and future, costs of Court, attorneys' fees, and pre-judgment and post-judgment interest. Plaintiff alleges that she was terminated from her position of employment with Defendant in violation of the Rehabilitation Act of 1973.

## 2. PARTIES & PERSONAL JURISDICTION

2.1. Plaintiff Sandra Ruiz (herein "Ms. Ruiz or "Plaintiff") is a resident of Harris County, Texas.

2.2. Defendant, The University of Texas MD Anderson Cancer Center (herein "MD Anderson" or "Defendant"), is a member institution of The University of Texas System and an agency of the state of Texas. Defendant can be served at: CT Corporation System, 350 N. St. Paul Street Ste. 2900, Dallas, Texas 75201.

## 3. VENUE & SUBJECT MATTER JURISDICTION

3.1. Venue is proper in the Southern District of Texas, Houston Division because a substantial part of the acts and conduct charged herein occurred in this district.

3.2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331. Specifically, the jurisdiction of this Court is invoked pursuant to the Rehabilitation Act of 1973.

## 4. FACTS

4.1. Ms. Ruiz had been employed with MD Anderson for approximately twelve years.

4.2. During her employment, she consistently received raises and positive reviews. She also received numerous awards and was a well regarded employee.

2

4.3. Plaintiff's employment turned for the worse when Defendant assigned her to work with Dr. Anil K. Sood.

4.4. The conduct of Dr. Sood toward Ms. Ruiz was so hostile that several of Ms. Ruiz's co-workers made comments to her about the way Dr. Sood treated her.

4.5. As a result of Dr. Sood's hostile and demanding treatment, Ms. Ruiz required medical accommodations and medical leave to deal with the stress.

4.6. Ms. Ruiz notified Operations Manager, Kimberly D. Willis of her disability and need for accommodation, and instead of receiving help, she was scolded by Ms. Willis for these issues.

4.7. Despite Plaintiff's need for assistance, the horrible treatment by Dr. Sood continued, which further compounded the hostile work environment and Ms. Ruiz's disability.

4.8. Ms. Ruiz contacted Human Resources for assistance, but received no relief.

4.9. Ms. Ruiz also sought assistance from MD Anderson's ombudsman, and on multiple occasions requested a transfer away from Dr. Sood. Again, no relief was provided.

4.10. Ms. Ruiz was eventually notified by several co-workers that she was being targeted for termination.

4.11. In November 2010, Ms. Ruiz was advised by her psychiatrist to go on medical leave while receiving treatment at a psychiatric facility because her stress level was so high.

4.12. Early in December 2010, Ms. Ruiz received a letter from Ms. Willis threatening to fire her if she did not return to work by December 22, 2010.

4.13. Ms. Ruiz's doctor, Shanthi Rubin, called Ms. Willis and explained that Ms. Ruiz was still receiving treatment.

4.14. Regardless, Ms. Ruiz returned to work on December 22, 2010.

4.15. Around the Spring of 2011, Ms. Ruiz met on a few occasions with the Department Administrator, Pamela Lindquist, regarding the hostile work environment.

4.16. Also around the Spring of 2011, Ms. Ruiz met with Ombudsman, Rita Burns, PhD, to discuss problems she was experiencing and her need to transfer out of the department.

4.17. On or about August 30, 2011, Ms. Ruiz was informed that her job was being "eliminated due to a loss of funding."

4.18. This reason was false, however, as her department was more than appropriately funded. In other words, MD Anderson's reason for termination was simply pretext for disability discrimination.

4.19. Ms. Ruiz was retaliated against based on her complaints of disability discrimination related to her disability and/or perceived disability.

4

4.20. MD Anderson made the conscious decision to terminate Ms. Ruiz for seeking accommodations and for her disability and/or perceived disability.

## 5. SECTION 504 VIOLATION OF REHABILITATION ACT OF 1973

5.1. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

5.2. Plaintiff alleges that Defendant discriminated against her and retaliated against her based on her disability and/or perceived disability.

5.3. Plaintiff further alleges that that Defendant discriminated against her and retaliated against her because of her medical condition in violation of the Rehabilitation Act of 1973.

5.4. Plaintiff further alleges that she has, by reason of her medical condition and her disability and/or perceived disability, been excluded from participation in or been denied the benefits of the services, programs, or activities of a public entity. Specifically, Defendant has refused Plaintiff employment because of her disability.

## 6. DAMAGES

6.1. As a result of Defendant's intentional, discriminatory, and unconstitutional acts described above, Plaintiff has suffered and continues to suffer mental anguish, humiliation, and emotional distress, all to her detriment and compensable at law.

6.2. Plaintiff sues for actual and compensatory damages in an amount in excess of the minimal jurisdictional limits of this Court.

## 7. ATTORNEYS' FEES

7.1. Defendant's action and conduct as described herein, and the resulting damage and loss to Plaintiff, has necessitated Plaintiff retaining the services of SHELLIST LAZARZ SLOBIN LLP, 11 Greenway Plaza, Suite 1515, Houston, Texas 77046, in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## 8. PRAYER

8.1. WHEREFORE, Plaintiff respectfully prays that Defendant be summoned to appear and answer, and that on final hearing of this cause, Plaintiff have the following relief:

8.1.1. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein for Defendant's violations of the Rehabilitation Act of 1973;

8.1.2. Judgment against Defendant for compensatory damages sustained by Plaintiff as alleged herein for Defendant's violations of the Rehabilitation Act of 1973;

8.1.3. Damages for mental pain and mental anguish in the past and future;

8.1.4. Back pay;

8.1.5. Front pay;

8.1.6. Attorneys' fees and all costs of court;

8.1.7. Pre-judgment interest at the highest legal rate;

8.1.8. Post-judgment interest at the highest legal rate until paid; and

8.1.9.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.

Respectfully submitted,

SHELLIST, LAZARZ & SLOBIN LLP

By: /s/ Todd Slobin
 TODD SLOBIN
 State Bar No. 24002953
 Federal ID No. 22701
 tslobin@eeoc.net
 RICARDO J. PRIETO
 State Bar No. 24062947
 Federal ID No. 1001658
 rprieto@eeoc.net
 11 Greenway Plaza, Suite 1515
 Houston, Texas 77046
 Telephone: (713) 621-2277
 Facsimile: (713) 621-0993
 ATTORNEYS FOR PLAINTIFF