IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA RUIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2520 |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| M.D. ANDERSON CANCER CENTER, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending is Defendant The University of Texas M.D. Anderson Cancer Center's ("Defendant") Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 10). Defendant moves to dismiss, arguing that this suit is barred by *res judicata* and judicial estoppel based on the dismissal with prejudice of Plaintiff Sandra Ruiz's ("Plaintiff") earlier-filed employment discrimination suit against Defendant, Ruiz v. The Univ. of Tex. MD Anderson Cancer Ctr., H-12-2968 ("Ruiz I").

Plaintiff, a former employee of Defendant, brought suit against Defendant in this Court in October 2012 for violations of the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA").[1] Defendant moved under Rule 12(b)(1) to

---

[1] Ruiz I, Document No. 3. Ruiz I was assigned to Judge David Hittner. Plaintiff worked for Defendant as a Grant Program

dismiss that case based on sovereign immunity.[2] Before the Court ruled on that motion, Plaintiff moved to amend her suit to eliminate the FMLA and ADA claims and to plead new claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.[3] The district judge denied Plaintiff leave to amend because her request came nearly five months after the Court's scheduling order deadline for such amendments.[4] The next day, Plaintiff filed the instant case asserting her claims under Section 504 of the Rehabilitation Act ("Ruiz II"), which was assigned to the undersigned judge. With her new case on file, Plaintiff then filed in Ruiz I a Stipulation of Dismissal with prejudice, and disclosed to the Court that she had a separate civil action pending against Defendant (the instant case assigned to the undersigned judge), in which violations of the Rehabilitation Act are alleged, and that "Plaintiff is not dismissing that claim."[5] Plaintiff accompanied

---

Coordinator for approximately twelve years. Id. ¶ 5.1. Plaintiff was assigned to work with Dr. Anil K. Sood, and alleged that, as a result of Dr. Sood's "hostile and demanding treatment," she required medical accommodations and medical leave. Id. ¶¶ 5.3-5.5. Approximately eight months after returning from her medical leave, Plaintiff's position was terminated. Id. ¶¶ 5.14-5.17. Plaintiff contended that Defendant retaliated and discriminated against her because of her medical disability. Id. ¶¶ 5.18-5.19.

[2] Ruiz I, Document No. 12.

[3] Id., Document No. 14.

[4] Id., Document No. 19.

[5] Id., Document No. 21.

her Stipulation of Dismissal with a form of Order to dismiss Ruiz I "with prejudice as to Plaintiff's FMLA and ADA claims--the only claims now before this Court."[6] When Plaintiff submitted her Stipulation of Dismissal and proposed Order of Dismissal in Ruiz I, she did not draw to the district judge's attention that Defendant's sovereign immunity motion to dismiss for lack of subject matter jurisdiction was still pending; thus, understandably, the district judge signed the Order of Dismissal as presented, and with no reason to consider whether the Court had subject matter jurisdiction to dismiss those claims "with prejudice."

Defendant now moves under Rule 12(b)(6) to dismiss the instant case on grounds of *res judicata*, arguing that the district court's dismissal of Ruiz I bars this action.[7] Defendant also argues that Plaintiff is judicially estopped from bringing the present suit because doing so is inconsistent with her election to dismiss Ruiz I with prejudice.[8]

A. *Res Judicata*

Unless the elements of *res judicata* are apparent on the face of the plaintiff's pleadings, which is not the case here, *res judicata* must be pled as an affirmative defense, not raised by a

---

[6] Id., Document No. 21-1.

[7] Document No. 10 at 5-7.

[8] Id. at 7-9.

3

Rule 12(b)(6) motion. *See* Moch v. E. Baton Rouge Parish Sch. Bd., 548 F.2d 594, 596 n.3 (5th Cir. 1977); *compare* Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994). Rather than deny the motion only on that basis, however, the Court will also analyze Defendant's substantive argument for dismissal.

*Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). For a claim to be barred by *res judicata*, four elements must be satisfied: (1) the parties are identical to, or in privity with, those in a prior action; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action ended with a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases. Id.

The parties agree that Plaintiff's ADA and FMLA claims, the only claims at issue in Ruiz I, were barred by sovereign immunity.[9] Sovereign immunity deprives a federal court of jurisdiction. *See* Moore v. La. Bd. of Elementary and Secondary Educ., 743 F.3d 959, 963 (5th Cir. 2014) ("Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his

---

[9]*See* Document No. 10 at 2; ("The parties litigated *Ruiz I* until Defendant concluded finally and correctly that its sovereign immunity barred all claims alleged and pending against it. . ."); Document No. 11 at 7 ("[T]he Ruiz I Court lacked subject matter jurisdiction over Defendant in this case.").

4

official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."); Muthukumar v. Univ. of Tex. at Dallas, 471 F. App'x. 407, 409 (5th Cir. 2012) ("Sovereign immunity is a jurisdictional bar."). Hence, the district court was empowered only to dismiss Plaintiff's FMLA and ADA claims--the entirety of what was alleged in Ruiz I--*without prejudice for lack of jurisdiction*. It follows that Defendant cannot demonstrate that the dismissal order "with prejudice" was entered by a court having jurisdiction to render a final adjudication on the merits of the claims in Ruiz I, and Defendant therefore cannot establish one of the essential elements for proof of *res judicata*.

B. Judicial Estoppel

Judicial estoppel prevents "a party who has assumed one position in his pleadings . . . from assuming an inconsistent position." Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988). The doctrine may be applied where:

> (1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.

Love v. Tyson Foods, Inc., 677 F.3d 258, 261 (5th Cir. 2012). Defendant argues that Plaintiff's attempt to pursue a

5

Rehabilitation Act claim in Ruiz II is inconsistent with her election to dismiss Ruiz I with prejudice after failing timely to amend her complaint in Ruiz I with a Rehabilitation Act claim. However, Plaintiff filed a new case to assert her Rehabilitation Act claims *after* she was refused leave to file them in Ruiz I. Thereafter--with only her FMLA and ADA claims on file in Ruiz I, she moved voluntarily to dismiss them while explicitly advising the Court that she was not dismissing her claims in Ruiz II.[10] Plaintiff's position in both suits has been consistent: (1) she voluntarily dismissed the ADA and FMLA claims and (2) she did not intend for this dismissal to affect her section 504 claim in Ruiz II.

Accordingly, it is

ORDERED that Defendant The University of Texas M.D. Anderson Cancer Center's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Procedure 12(b)(6) (Document No. 10) is DENIED. It is further

ORDERED that the parties shall complete the discovery required for purposes of proceeding to Alternative Dispute Resolution within ninety (90) days after the date of this Order, and 90 days from now

---

[10] Ruiz I, Document No. 21.

shall advise the Court of the identity of a mediator to whom they jointly agree that this case can be referred for mediation.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 17TH day of June, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE